UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:03-00205-10 |
| ) | Judge Echols |
| KENNETH LAMONT CRUTCHER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

The Government filed a Motion Of The United States For Issuance Of A Preliminary Order Of Forfeiture (Docket Entry No. 1018), to which Defendant Kenneth Crutcher filed a response in opposition (Docket Entry No. 1020), and the Government filed a reply (Docket Entry No. 1024). The Government also filed a Motion To Amend The Judgment and Conviction To Include Forfeiture In Accordance With Federal Rule of Criminal Procedure Rule 36 (Docket Entry No. 1023). Defendant Crutcher then filed two additional motions: a Motion To Strike And Request For Sanctions (Docket Entry No. 1028), to which the Government filed a response in opposition (Docket Entry No. 1030), and a Motion To Strike (Docket Entry No. 1035), to which the Government filed a response in opposition (Docket Entry No. 1036).

## I. PROCEDURAL HISTORY

The Defendant was originally indicted, along with a number of co-conspirators, by a federal grand jury on October 23, 2003. (Case No. 3:03-00205, Docket Entry No. 1.) Defendant Crutcher was named in Count 1, a drug conspiracy charge, and in a criminal forfeiture count under 21 U.S.C. § 853, which alleged that Defendant Crutcher and other co-conspirators "shall forfeit to the United States . . . any property constituting, or derived from, proceeds obtained, directly or indirectly, as

1

a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation." (Id. at 4.)

On March 31, 2004, the Government filed a civil Complaint for Forfeiture In Rem seeking forfeiture of three amounts of currency: $164,705.00, $19,000.00, and $4,300.00. (Case No. 3:04-0270, United States v. $164,705.00 in United States Currency, et al., Docket Entry No. 1.) On April 2, 2004, a Warrant and Summons for Arrest of Articles in Rem issued. (Docket Entry No. 2.) On April 23, 2004, Defendant Crutcher, represented by counsel, filed a claim to all three amounts of currency that were the subject of the civil forfeiture proceeding. (Docket Entry No. 3.) On May 12, 2004, Defendant Crutcher filed an Answer to the Complaint for Forfeiture In Rem. (Docket Entry No. 5.) On June 18, 2004, the Government moved for a stay of the civil forfeiture proceeding pending disposition of the criminal case. (Docket Entry No. 7.) The Court granted the motion, stayed the case, and administratively closed it on June 22, 2004. (Docket Entry No. 8.)

Meanwhile, in the criminal case, the grand jury returned a Third Superseding Indictment on February 9, 2005. (Case No. 3:03-00205, Docket Entry No. 572.) Count 1 charged the Defendant and others with conspiring to knowingly and intentionally distribute, and knowingly and intentionally possess with intent to distribute, a quantity of marijuana and five (5) kilograms or more of cocaine between November 1, 2002 to October 27, 2003. In Counts 15, 16, and 17, the Defendant was charged with specific drug distribution offenses. In Count 18, the Defendant was charged with possession of a firearm in furtherance of a drug trafficking crime, and in Count 19, the Defendant was charged as a felon in possession of firearms. The Third Superseding Indictment also contained a criminal forfeiture allegation under 21 U.S.C. § 853, which alleged that the Defendant and other co-conspirators "shall forfeit to the United States . . . any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violation and any property used, or

2

intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation." (Id. at 12.)

Defendant Crutcher and his co-defendant, Everett Kirk Ogburn, were jointly tried before a jury beginning on February 22, 2005. (Docket Entry No. 639, Clerk's Resume.) The trial concluded on March 1, 2005, with the jury finding Defendant Crutcher guilty on all counts against him in the Third Superseding Indictment. (Docket Entry No. 641, Verdict Form.) Defendant Crutcher's counsel then asked that the forfeiture allegation be submitted to the jury. (Docket Entry No. 859, Trial Tr. Vol. 6 at 779.) Neither counsel for the Government nor counsel for Defendant Crutcher voiced any objection to the Court's proposed jury instructions and Special Verdict Form on the forfeiture count. (Id. at 779-780.) The Court then instructed the jury on the forfeiture allegation (id. at 780-782), and after deliberation, the jury returned the Special Verdict Form finding that Defendant Crutcher must forfeit "any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the conspiracy and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy." (Id. at 782-783; Docket Entry No. 643, Special Verdict Form.) After polling the jury on the Special Verdict, the Court stated: "The verdict is unanimous and that will be part of the judgment in the case." (Docket Entry No. 859, Trial Tr. Vol. 6 at 783-784.)

After the trial, the Government did not move, pursuant to Federal Rule of Criminal Procedure 32.2(b), for a Preliminary Order of Forfeiture based on the Special Verdict, and the Court did not enter such an Order *sua sponte*. Instead, on March 28, 2005, the Government filed a motion to lift the stay in the civil forfeiture case. (Case No. 3:04-0270, Docket Entry No. 10.) The Court granted the motion and reopened the civil forfeiture case. (Docket Entry Nos. 11 & 12.) The Magistrate Judge held a case management conference and entered a case management order, which set a

discovery deadline of September 16, 2005, and a court trial on October 11, 2005. (Docket Entry Nos. 13 & 14.)

Meanwhile, the criminal case proceeded toward sentencing. The Presentence Investigation Report ("PSR") did not mention the criminal forfeiture, although it did state in the section titled "<u>Financial Condition: Ability to Pay</u>" that Defendant Crutcher had "Cash on hand - $165,000 (seized at the time of his arrest)[.]" (PSR at ¶ 67.) The Government filed a "Position Of The Government With Respect To Sentencing Factors" (Case No. 3:03-00205, Docket Entry No. 698), which expressed no objection to the PSR and did not mention the criminal forfeiture. Defense counsel filed "Defendant Kenneth Crutcher's Position With Respect To Sentencing Factors," which incorporated the objections to the PSR communicated earlier to the probation officer and objections made to the Government's sentencing enhancement notice. (Docket Entry Nos. 689, 702 & Ex. A.) These documents did not mention the criminal forfeiture.

The joint sentencing hearing of Defendant Crutcher and his co-defendant Ogburn was held on two days: July 11 & 26, 2005. (Docket Entry Nos. 860 & 861, Trial Tr. Vols. 7 & 8, Sentencing Hearing.) At the beginning of the hearing on July 11, the Court identified the counts of conviction against Defendant Crutcher and stated "there was a forfeiture count, as well." (Docket Entry No. 860, Vol. 7 at 792.) However, at no time thereafter during Defendant Crutcher's sentencing did the government attorney or defense counsel bring to the Court's attention the jury's determination on the criminal forfeiture count or any need to include the jury's Special Verdict on the criminal forfeiture in the oral sentence pronounced or in the written criminal judgment.

At the July 26 continuation of the joint sentencing hearing, turning to Defendant Ogburn the Court stated, among other things, that "he objects to the forfeiture count, which I suppose we'll consider later." (Docket Entry No. 861, Vol. 8 at 924-925.) The Court noted Defendant Ogburn

4

objected to forfeiture of a white Mustang because he claimed the vehicle belonged to his girlfriend, and then the following colloquy took place:

> [The Court]: I don't know what those facts are. And I don't know whether the Government contests those facts or not.
>
> MR. McDONOUGH [Government counsel]: If the Court please, I believe the jury returned a verdict of forfeiture. The Court would consider the forfeiture with regard to any rights that Mr. Ogburn would have. And it would be up to the girlfriend to file any type of claim that she might have.
>
> THE COURT: Mr. Koger may have explained that to you, Mr. Ogburn. But Mr. McDonough is right. The jury did find that forfeiture should be had in this case, and that relates to your rights.
> You are asserting that others have rights to that automobile. So notice will go out when that occurs and she'll have an opportunity to file a claim stating her interest in the car. Then we'll have a hearing, if need be. And we probably will. And the Court will consider the proof and make a ruling on her interest.
> It sometimes happens with homes that are owned and others have an interest in a home. Banks who are owed money on the home may make claims and say I have an interest in the home. So that will be followed in that way.

(Docket Entry No. 861, Vol. 8 at 925-926.)

During his allocution, Defendant Crutcher stated in part:

> And prosecutor McDonough tried to use the term that I was having these weapons in my home to protect some money that belonged to me. This money had been in my home over two-and-a-half years, you know. And the money belonged to me. The money still belongs to me. This money never belonged to Hernandez.
> When I left my home with my money, if I was protecting some money – anywhere I would need to protect it, it would be outside my home. And when they pulled me over, I did not have a weapon on me, nor did I have any intentions of having any weapons on me. I don't carry guns. I don't buy guns. And like I said, I never knew the weapons were in the house.

(Docket Entry No. 861, Vol. 8 at 910-911.) Nothing more was said by either party or the Court during the sentencing hearing about whether the currency found in Defendant Crutcher's vehicle and home would be forfeited. The Court did not include criminal forfeiture as part of the oral sentence imposed when sentencing Defendant Crutcher. (Id. at 947-948, 988-994.)

5

After the criminal sentencing, on August 22, 2005, in the civil forfeiture proceeding, Defendant Crutcher moved for a stay. Because he intended to appeal his criminal convictions and sentence and he did not testify at trial, he did not wish to waive his Fifth Amendment rights pending direct criminal appeal by answering interrogatories in the civil case. (Case No. 3:04-0270, Docket Entry No. 18.) The Government did not object to a stay of the civil case pending completion of the criminal prosecution. (Docket Entry No. 20.) Consequently, on September 7, 2005, the Court again stayed the civil forfeiture proceeding and administratively closed the case. (Docket Entry No. 21.)

The Court entered the Judgment In A Criminal Case for Defendant Crutcher on February 23, 2006, but the judgment did not mention criminal forfeiture. (Case No. 3:03-00205, Docket Entry No. 819.) The section devoted to "[t]he defendant shall forfeit the defendant's interest in the following property to the United States:" was not completed. (Id. at 6). The Court's sealed statement of reasons supporting the sentence did not mention criminal forfeiture. (Docket Entry No. 820.)

Defendant Crutcher filed a direct appeal from his convictions and sentence. The Sixth Circuit affirmed on July 28, 2008. United States v. Ogburn, 288 Fed.Appx. 226 (6th Cir. 2008), cert. denied, Crutcher v. U.S., 129 S.Ct. 1650 (U.S. Mar. 23, 2009). In reciting the facts of Defendant Crutcher's case, the appellate panel stated: "Crutcher was arrested on October 27, 2003 while driving the tan Suburban. In his vehicle, arresting officers discovered a bag containing $164,705 in cash which Crutcher said he was taking to '[Hernandez's] people.' After a search warrant for Crutcher's house was executed, officers found two loaded handguns, a loaded shotgun, and an additional $23,300 in cash." Ogburn, 228 Fed. Appx. at 230. The Sixth Circuit's opinion did not expressly address the jury's Special Verdict on criminal forfeiture, apparently because Defendant Crutcher did not raise any issue concerning the Special Verdict.

On March 19, 2009, in the criminal case, Defendant Crutcher, *pro se*, filed a Motion For Return of Seized Property, Currency, and Firearms (Case No. 3:03-00205, Docket Entry No. 997) under Federal Rule of Criminal Procedure 41(g), seeking, among other things, the return of the $164,705.00 in currency seized from his Suburban at the time of his arrest, $19,000.00 in currency seized from his master bedroom top chest drawer, $4,300.00 in currency seized from under a couch in the master bedroom, as well as various firearms seized from his home. The Government filed a response opposing return of the currency and firearms, and Defendant Crutcher filed a reply. (Docket Entry Nos. 1001, 1004, 1010.)

In opposing return of the currency to Defendant Crutcher, the Government relied on the jury's Special Verdict on the criminal forfeiture count of the Third Superseding Indictment, but stated: "As a result, the three amounts of currency confiscated from the defendant are the subject of a forfeiture action (3:04-027[0]) which is currently pending in this Court. The cash should therefore not be returned to the defendant pending the outcome of that case." (Docket Entry No. 1004 at 1-2.)

In an Order entered on September 9, 2009 (Docket Entry No. 1017), the Court granted in part and denied in part Defendant Crutcher's motion for return of property. The Court permitted return of some miscellaneous items to Defendant Crutcher's representative. The Court refused, however, to return the three separate amounts of currency or the firearms to Defendant Crutcher under Rule 41(g). The Court stated in part:

> The Sixth Circuit affirmed Defendant's convictions, his sentence, and the criminal forfeiture in United States v. Ogburn, 288 Fed. Appx. 226 (6th Cir. 2008). According to the Sixth Circuit's opinion, the Defendant raised five issues on direct appeal, but he did not raise any issue concerning the firearms, he did not contend that the three amounts of currency were improperly seized, and he did not contend that the forfeiture verdict was improperly returned by the jury. Defendant has not shown under Rule 41(g) that the firearms or the currency were taken from him as the result of an unlawful search and seizure. The seized firearms and currency remain subject to the criminal forfeiture order returned by the jury and affirmed by the Sixth Circuit on appeal. These items of evidence will not be returned to the Defendant under Rule

7

41(g). Defendant filed a claim to the currency in the pending civil forfeiture action, and he may continue to pursue his claim to the currency in that action.

(Docket Entry No. 1017, Order at 3-4.)[1]

At the same time, the Court entered an Order reopening the civil forfeiture case and directing the Magistrate Judge to set a new case management order. (Case No. 3:04-0270, Docket Entry No. 23.) On September 15, 2009, the Magistrate Judge lifted the stay on civil discovery and scheduled a telephone conference call with the parties on September 17, 2009, for the purpose of entering a scheduling order and setting a trial date. (Docket Entry No. 24.)

According to an Order entered by the Magistrate Judge after the conference call, the government attorney[2] advised the Magistrate Judge that,

> as a result of the finality of the Claimant Crutcher's criminal conviction, she would be moving to have the $164,705 as the subject of this case transferred to the criminal case 3:03-CR-205-10. She advised that that would leave, in this case, a sum of $19,000 and a sum of $4,300 subject to forfeiture. She advised that she believed that there was a good prospect to settle the claims on these two sums.

(Docket Entry No. 25 at 1.)[3] The Magistrate Judge further indicated in the Order that defense counsel was amenable to discussing settlement and the parties agreed to exchange offers in an effort to reach a resolution. In light of this development the Magistrate Judge declined to enter a scheduling order, but set another telephone conference call with the parties for October 26, 2009. (Id. at 2.)

---

[1]The Court subsequently denied Defendant's motion to reconsider on October 23, 2009. (Docket Entry No. 1021.) Thereafter, Defendant Crutcher appealed both Orders to the Sixth Circuit. (Docket Entry No. 1025, Notice of Appeal.)

[2]A different attorney than the one who handled the criminal case.

[3]The Court does not know why the government attorney proposed to transfer only the amount of $164,705.00 to the criminal case. The other two amounts of currency were seized pursuant to a criminal search warrant executed on Defendant Crutcher's home shortly after his arrest, and all three currency amounts were mentioned in the Sixth Circuit opinion on direct appeal.

8

On September 25, 2009, in the criminal case, the Government filed the instant Motion Of The United States For Issuance Of A Preliminary Order of Forfeiture (Case No. 3:03-00205, Docket Entry No. 1018) under Federal Rule of Criminal Procedure 32.2, seeking criminal forfeiture of all three currency amounts of $164,705.00, $19,000.00, and $4,300.00, even though the government attorney had apparently told the Magistrate Judge that she intended to transfer to the criminal case only the amount of $164,705.00. Defendant Crutcher responded in opposition to the motion (Docket Entry No. 1020) raising, among other issues, whether the Court had jurisdiction to proceed in the manner suggested by the Government.

The Court entered an Order (Docket Entry No. 1022), directing the Government to file a reply. The Court specifically entered its Order on Friday, October 23, 2009, so that it would be available to the parties and the Magistrate Judge prior to the telephone conference call scheduled for Monday, October 26, 2009, in the civil forfeiture case. In the second paragraph of its Order, the Court stated:

> The Court questions whether it has jurisdiction to proceed with criminal forfeiture under Federal Rule of Criminal Procedure 32.2 where the issue of criminal forfeiture was not addressed in the criminal judgment and Defendant's direct appeal is already final. See United States v. Petrie, 302 F.3d 1280 (11th Cir. 2002); see also United States v. Christunas, 126 F.3d 765 (6th Cir. 1997).

(Docket Entry No. 1022.) The Court directed the Government to file a reply "addressing the points raised in the response, as well as the issue whether the Court has jurisdiction under Rule 32.2 to proceed with criminal forfeiture." (Id.)

The telephone conference call before the Magistrate Judge took place in the civil forfeiture action as planned on Monday, October 26, 2009. Following the conference call, the Magistrate Judge entered an Order on October 27, 2009. (Case No. 3:04-0270, Docket Entry No. 26.) The Order states in pertinent part:

9

> The attorney for the Government advised that at the present time the District Judge in the criminal case (3:03cr0205) was considering that all the funds that are the subject of this case were subject to criminal forfeiture in that matter. The Government has been requested to file a reply brief in that matter.
> After discussion with the parties it appears that it is possible that the entire subject matter of this case will be determined by a ruling in the criminal case. If all the funds are forfeited in the criminal case, there will be nothing remaining to be done in this matter.
> In view of the proceedings in the criminal case, the attorney for the Government is directed to notify the Magistrate Judge within **five days** of any order by the District Judge resolving the criminal forfeiture. In the event any of the funds remain available in this case, then the Magistrate Judge will enter a scheduling order.

(Id.) There is no indication in the Order that the Government attorney advised the Magistrate Judge that this Court questioned its jurisdiction to proceed with a criminal forfeiture where the Defendant's direct appeal is already final. It appears from the Order that the Magistrate Judge was unaware that this Court had entered an Order in the criminal case on the preceding Friday, and the Magistrate Judge was left with the impression that this Court was poised to enter a criminal forfeiture order on all three currency amounts that would end the civil matter.

In accordance with the deadline set by this Court, on October 30, 2009, the Government filed in the criminal case its reply brief supporting the motion for a preliminary order of forfeiture. (Case No. 3:03-00205, Docket Entry No. 1024.) On the same day, the Government filed a Motion To Amend The Judgment and Conviction To Include Forfeiture In Accordance With Federal Rule Of Criminal Procedure Rule 36 (Docket Entry No. 1023).

On November 12, 2009, Defendant Crutcher filed a Motion To Strike And Request For Sanctions (Docket Entry No. 1028), contending that the Government's October 30 filing was not responsive to the Court's prior Order and should be sanctioned under Rule 11. On December 3, 2009, the Government filed a response in opposition (Docket Entry No. 1030) to the motion to strike and for sanctions. Thereafter Defendant Crutcher filed a second Motion to Strike (Docket Entry No. 1035), contending the Government's response to his first Motion to Strike was untimely filed. The

Government filed a response in opposition arguing that its response was timely filed under the rules. (Docket Entry No. 1036.)

## II. ANALYSIS

At the time of Defendant Crutcher's sentencing in July 2005, Federal Rule of Criminal Procedure 32.2 provided in pertinent part as follows (emphasis added):

> **(b) Entering a Preliminary Order of Forfeiture.**
>
> **(1) In General.** As soon as practicable after a verdict . . . on any count in an indictment . . . regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense . . . . The court's determination may be based on evidence already in the record . . . or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict[.]
>
> **(2) Preliminary Order.** If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> **(3) Seizing Property.** The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. *At sentencing–or at any time before sentencing if the defendant consents–the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment.* The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.
>
> **(4) Jury Determination.** Upon a party's request in a case in which a jury returns a verdict of guilty, the jury must determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Rule 32.2(c) provided the procedure for an ancillary proceeding required in the event a third party made a claim to the property that was the subject of the criminal forfeiture. Rule 32.2(c)(2) stated:

11

**(2) Entering a Final Order.** When the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property that is forfeitable under the applicable statute. The defendant may not object to the entry of the final order on the ground that the property belongs, in whole or in part, to a codefendant or third party; nor may a third party object to the final order on the ground that the third party had an interest in the property.

\* \* \*

**(d) Stay Pending Appeal.** If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

Thus, Rule 32.2 directed that the preliminary order of forfeiture should be entered prior to the sentencing hearing. Importantly, subsection (b)(3) specified that "[a]t sentencing–or at any time before sentencing if the defendant consents–the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment." The Sixth Circuit stated that "the actual effect of a preliminary forfeiture order is clearly that of a final order as to the defendant. A preliminary forfeiture order terminates all issues presented by the defendant and leaves nothing to be done except to enforce by execution what has been determined." United States v. Christunas, 126 F.3d 765, 768 (6th Cir. 1997). An ancillary proceeding to resolve any claim of a third party may occur after the sentencing hearing, but Rule 32.2 mandated that criminal forfeiture as to a defendant is complete no later than the time of oral imposition of sentence and entry of the written criminal judgment.

In this case, when the jury returned the Special Verdict on the criminal forfeiture count, the Court did state: "The verdict is unanimous and that will be part of the judgment in the case." (Case

12

No. 3:03-00205, Docket Entry No. 859, Trial Tr. Vol. 6 at 783-784.)  The Court's statement standing alone, however, did not fulfill all of the requirements of Rule 32.2.  No preliminary order of forfeiture was entered before sentencing specifying the three amounts of currency as subject to forfeiture under the jury's Special Verdict, the oral sentence imposed did not include forfeiture, and the written judgment did not include forfeiture.  The Defendant's direct appeal is now final.

The Government requests entry of a preliminary order of forfeiture at this time and an amendment of the written judgment under Federal Rule of Criminal Procedure 36 to include forfeiture.  Rule 36, entitled "Clerical Error," provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission."

In United States v. Pease, 331 F.3d 809, 811 (11th Cir. 2003), a district court entered a preliminary order of forfeiture after the defendant entered a guilty plea, but the court failed to include a final order of forfeiture in the written judgment.  The Eleventh Circuit rejected the Government's contention that the written judgment could be amended under Rule 36 to include a belated forfeiture.  Id. at 811, 816.  That court held Rule 36 may be used only to correct clerical errors and adding criminal forfeiture to a judgment after sentencing would make a substantive alteration to the criminal sentence.  Id. at 816.  Here, not even a preliminary order of forfeiture was entered prior to sentencing, and therefore, the facts of this case are less favorable than the facts in Pease.

In United States v. Petrie, 302 F.3d 1280, 1283 (11th Cir. 2002), the Eleventh Circuit confronted a situation where the district court entered a preliminary order of forfeiture six months after sentencing.  In that case, the jury returned a forfeiture verdict, but the special verdict was not mentioned during the sentencing hearing and the judgment merely stated that Petrie was subject to forfeiture.  Id. at 1284.  The court vacated the preliminary forfeiture order, noting that "the forfeiture

13

scheme prescribed in Rule 32.2 is detailed and comprehensive," and requires that the forfeiture order be made a part of the sentence and included in the judgment. Id. All post-sentencing activities under Rule 32.2 concern third-party interests only. Id. Thus, the court vacated the preliminary order of forfeiture. Id. at 1291. See also United States v. King, 368 F. Supp.2d 509, 511-513 (D. S.C. 2005) (denying government's motions for preliminary order of forfeiture and for amendment of judgment made after sentencing and during pendency of direct appeal where preliminary order of forfeiture was not entered prior to sentencing, forfeiture was not discussed at sentencing, and written judgment was silent on forfeiture).

Other circuit courts have held that Rule 36 may be utilized to amend the criminal judgment to add a final forfeiture order if a preliminary order of forfeiture was entered prior to or at the time of sentencing. United States v. Yeje-Cabrera, 430 F.3d 1, 6, 14, 16 (1st Cir. 2005); United States v. Bennett, 423 F.3d 271, 272 (3rd Cir. 2005); United States v. Isaacs, 88 Fed. Appx. 654, 654-655 (4th Cir. 2004); United States v. Mitchell, 70 Fed. Appx. 707, 710, 714-715 (4th Cir. 2003); United States v. Loe, 248 F.3d 449, 464 (5th Cir. 2001); United States v. Quintero, 572 F.3d 351, 352-353 (7th Cir. 2009); United States v. Koch, 491 F.3d 929, 930-932 (8th Cir. 2007).

The Government relies on some of the cases mentioned above, but does not point out that in each case, an amended judgment under Rule 36 was permitted because a preliminary order of forfeiture had been entered prior to sentencing. The Government also cites United States v. Pelullo, 305 Fed. Appx. 823 (3rd Cir. 2009), brought under 28 U.S.C. § 2255, but in that case, the jury determined the specific amount of the criminal forfeiture, "[b]oth the oral sentence and the written judgment included tangential references to forfeiture[,]" and the district court's statement of reasons for the sentence characterized the defendant's ability to pay restitution as marginal because the defendant was subject to an order of forfeiture in the case. Id. at 825 & n.3. Under those

14

circumstances, the appeals court held that a Rule 36 amendment for clerical mistake was permissible. Id. In this case, the jury did not determine what specific amounts of currency should be forfeited, the oral sentence and written judgment did not even tangentially refer to forfeiture, and the Court's statement of reasons for the sentence imposed was silent on the issue of forfeiture.

The Government also relies on United States v. Thomas, 67 Fed. Appx. 819, 820 (4th Cir. 2003), but there the district court executed an order of forfeiture at the sentencing hearing. In that situation, the court of appeals held that a Rule 36 amendment of the judgment to include the order of forfeiture entered at sentencing was proper. Here, as stated previously, no preliminary order of forfeiture was entered before or during the sentencing hearing. Thus, Thomas is inapposite.

*In rem* civil forfeitures are neither punishment nor criminal for purposes of the Double Jeopardy Clause. United States v. Ursery, 518 U.S. 267 (1996). The Government's civil forfeiture *in rem* action remains pending, and until recently that civil action was the Government's main focus in seeking forfeiture. Therefore, the Government has access to a mechanism through which it can continue to seek forfeiture of the three amounts of currency at issue.

### III. CONCLUSION

The Government has not cited, nor has the Court found, any authority on point that would permit the Court to circumvent the procedure of Rule 32.2. The Court concludes it lacks authority to enter a preliminary order of forfeiture and to amend the criminal judgment under Rule 36 at this time, long after the Sixth Circuit issued its mandate and the Supreme Court denied certiorari, rendering Defendant Crutcher's direct appeal final.

Accordingly, the Motion Of The United States For Issuance Of A Preliminary Order Of Forfeiture (Docket Entry No. 1018) will be denied. The Government's Motion To Amend The

15

Judgment and Conviction To Include Forfeiture In Accordance With Federal Rule of Criminal Procedure Rule 36 (Docket Entry No. 1023) will also be denied.

The Court considered Defendant Crutcher's Motion To Strike And Request For Sanctions (Docket Entry No. 1028) and his Motion To Strike (Docket Entry No. 1035). The Court finds the Government's documents were timely filed and responsive to the Court's Orders. As a result both of Defendant Crutcher's motions are without merit and will be denied.

An appropriate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE