# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:03-cr-00205-10** |
| | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **KENNETH L. CRUTCHER** | ) | |

## MEMORANDUM and ORDER

Defendant Kenneth Crutcher was convicted by a jury in March 2005 for non-violent drug trafficking and other charges and sentenced to life imprisonment. The life sentence resulted from the government's filing a 21 U.S.C. § 851 notice of three prior felony drug convictions, which, under the version of 21 U.S.C. § 841(b)(1)(A) in effect at the time of sentencing, resulted in a mandatory life sentence. Now before the court are the defendant's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) First Step Act (Doc. No. 1202), Motion to Request for Relief Pursuant to the First Step Act and Request for Counsel (Doc. No. 1209), and Supplement Motion for Compassionate Release/Sentence Reduction Due to Extraordinary and Compelling Circumstances Pursuant to U.S.C. 3582(c)(1)(A)(i) and 12003(b)(2) of The Cares Act of March 27, 2020 (Doc. No. 1219), and the Supplement to Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 1218), filed by counsel.

For the reasons set forth herein, the motions will be denied.

## I.    BACKGROUND

Crutcher and fifteen other defendants were charged in a Third Superseding Indictment accusing them of involvement in a major cocaine distribution conspiracy. (Doc. No. 572.) While nearly all of his co-defendants pleaded guilty, Crutcher and one other defendant pleaded not guilty

and proceeded to trial in March 2005 before another judge of this court. At trial, the jury found Crutcher guilty on all counts charged against him: (1) conspiracy to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846 (Count 1); (2) two counts of possession with intent to distribute 500 grams or more of cocaine and one count of possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841 (Counts 15–17); (3) possession of firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) (Count 18); and (4) being a felon in possession of firearms in violation of 18 U.S.C. § 922(g) (Count 19). *See United States v. Ogburn*, 288 F. App'x 226, 228–29 & n.1 (6th Cir. 2008). (*See also* Verdict Form, Doc. No. 641.)

Just prior to trial, the government filed a § 851 notice of prior convictions that could result in a sentence enhancement. (Doc. No. 593.) Following trial, but before sentencing, the government filed an Amended Information Pursuant to 21 U.S.C. § 851, correcting clerical errors in the original. In it, the government alleged that Crutcher had three prior felony drug convictions, two involving possession of over 300 grams of cocaine with intent to sell and one for felony possession of marijuana. (Doc. No. 709, at 1.) At sentencing, the court overruled Crutcher's objection to the § 851 notice, made on the basis that the three alleged convictions should be counted as one. As a result of the § 851 enhancement, Crutcher was sentenced to life imprisonment. (Doc. No. 815.) His conviction and sentence were affirmed on appeal. *Ogburn*, 288 F. App'x at 238.

Crutcher has now served approximately seventeen years of his life sentence. His present motions[1] together assert that the court should reduce the previously imposed sentence and resentence him to time served or to twenty years. In a nutshell, Crutcher argues that the court has

---

[1] Crutcher has previously filed a motion for habeas corpus relief under 28 U.S.C. § 2255, at least four motions for permission to file a second or successive motion under § 2255, and two other motions under § 3582, all of which have been denied.

the authority to decide what constitutes "extraordinary and compelling reasons" to reduce a sentence under § 3582(c) and that he has presented extraordinary and compelling reasons for such a reduction—namely, that (1) if he were resentenced today, under the First Step Act, he would be subject to a twenty-year mandatory minimum sentence rather than life; (2) he was unfairly punished for going to trial, receiving a much longer sentence than he would have if he had been willing to plead guilty; (3) he is 62 years old and has chronic medical conditions that put him at risk of serious illness or death if he were to be infected with COVID-19, including high blood pressure, a problem with a heart valve, hepatitis-C, and having only one kidney; and (4) he poses a low risk of recidivism and the number of classes he has taken and the jobs he has held while incarcerated demonstrate rehabilitation. (*See generally* Doc. Nos. 1202, 1209, 1219, 1219.) Finally, he argues that, upon the exercise of this authority and a finding that extraordinary and compelling circumstances exist, the court should find, upon application of the § 3553(a) factors, that Crutcher's sentence should be reduced.

The government opposes the motion. (Doc. No. 1224.) Besides arguing that the court does not have the authority to grant the requested reduction, it also contends that Crutcher's claim that the government used the § 851 notice vindictively or inappropriately is without merit and that the First Step Act's reduction in the penalties set forth in § 841 is not retroactive and does not warrant a reduction in Crutcher's sentence. It further argues that, even if he had been sentenced under the First Step Act, Crutcher would be subject to a twenty-five year mandatory minimum sentence rather than the twenty he claims. In addition, the government contends that Crutcher has not demonstrated significant rehabilitation or presented documentation of his claim that his health conditions make him particularly vulnerable to COVID1-19. Finally, the government argues that, even if resentencing were appropriate, the § 3553(a) factors do not weigh in favor of resentencing.

Crutcher has filed a Reply (Doc. No. 1226), largely reiterating the arguments raised in his motion.

## II.     THE STATUTORY BACKDROP

"By statute, a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* "Before the First Step Act of 2018, such relief was available only on motion of the Director of the Bureau of Prisons, but the new statute allows a prisoner to seek relief on his own initiative." *United States v. Loggins*, No. 19-2689, --- F.3d ---, 2020 WL 4375103, at *1 (8th Cir. July 31, 2020).

Section 3582, as amended by the First Step Act, states in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). In other words, the court may reduce a sentence under § 3582(c)(1) after considering the relevant factors in § 3553(a), if (1) the defendant has exhausted administrative remedies;[2] (2) the court finds that extraordinary and compelling reasons warrant a reduction; and (3) any reduction is consistent with applicable Sentencing Commission policy statements.

Congress has never defined "extraordinary and compelling reasons" except to state that "[r]ehabilitation of the defendant alone" is not enough. 28 U.S.C. § 994(t). Instead, Congress

---

[2] It is undisputed here that the defendant exhausted administrative remedies. (*See* Doc. No. 1218, at 4.)

delegated to the United States Sentencing Commission the duty to "promulgat[e] general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) . . . describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.*

The Commission somewhat complied with this directive, but its actions were prior to the passage of the First Step Act. *See* U.S.S.G. § 1B1.13 (Policy Statement) (Nov. 1, 2018). Section 1B1.13 states that, "[u]pon motion of the Director of the Bureau of Prisons," a court may reduce a prison term after consideration of the relevant factors in § 3553(a), if the court finds that (1) extraordinary and compelling circumstances warrant a reduction *or* the defendant is over age 70 and has served at least 30 years in prison; (2) the defendant is not a danger to society; and (3) the reduction is "consistent with this policy statement." The actual Policy Statement does not define extraordinary and compelling circumstances. Instead, that question is addressed in the Application Notes, which list specific examples of "extraordinary and compelling reasons." *See id.* cmt. n.1. These examples include (1) the medical condition of the defendant, (2) the age of the defendant, and (3) his family circumstances. *See id. cmt.* n.1(A)–(C). The Application Notes also provide a fourth "catchall provision," which states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* cmt. n.1(D).

The Sentencing Commission has never updated its policy statement following the passage of the First Step Act, largely because it has for a number of years lacked the quorum required to enable it to conduct business. *See United States v. Rodd*, 966 F.3d 740, 746 & n.7 (8th Cir. 2020) (observing that the § 1B1.13 Policy Statement had not "been amended since the passage of the First Step Act" and noting that such an amendment is unlikely in the near future, given the lack of

a quorum on the Sentencing Commission). Further, as several courts have noted, the policy statement "clearly conflicts" with the amended version of § 3582, insofar as it limits the application of the policy statement to motions filed by the Director of the BOP. *See, e.g.*, *United States v. Clausen*, No. CR 00-291-2, 2020 WL 4260795, at *4 (E.D. Pa. July 24, 2020) (citing *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (explaining that the "statement is at least partly anachronistic")).

"Because 'the Sentencing Commission never harmonized its policy statements with the [First Step Act],' district courts face a 'conundrum': Does the applicable policy statement for the old regime still apply to the new one?" *Id.* (quoting *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) (some internal quotation marks omitted)). A majority of the district courts faced with this conundrum, including three of the four judges in this district, have concluded that the policy statement "is not ultimately conclusive given the statutory change" and that "the dependence on the BOP to determine the existence of an extraordinary and compelling reason, like the requirement for a motion by the BOP Director, is a relic of the prior procedure that is inconsistent with the amendments implemented by the First Step Act." *United States v. Young*, No. 2:00-cr-00002-1, --- F. Supp. 3d ---, 2020 WL 1047815, at *3, 6 (M.D. Tenn. Mar. 4, 2020) (Trauger, J.); *see also United States v. Duncan*, No. 3:11-CR-00012, --- F. Supp. 3d ---, 2020 WL 4669944, at *5 (M.D. Tenn. Aug. 12, 2020) (Crenshaw, C.J.) (finding that the defendant's well documented chronic health conditions and the undisputed likelihood that he would become extremely sick or die if he were infected with COVID-19, as supported by an expert affidavit, constituted an "extraordinary and compelling" reason for relief under § 3582); *United States v. Myles,* No. 3:11-CR-00253, 2020 WL 4350604, at *2 (M.D. Tenn. July 29, 2020) (Campbell, J.) (same); *but see United States v. Kimbrell*, No. 3:19-CR-00064, 2020 WL 3972746, at *3 (M.D.

Tenn. July 14, 2020) (Richardson, J.) ("[W]here (as here) the Director of BOP has not determined that any such 'other' reasons exist in the defendant's case, compassionate release for that defendant cannot be predicated on 'other' extraordinary and compelling reasons under the catchall provision.").[3]

In *Duncan*, Judge Crenshaw also itemized a number of other factors that supported a conclusion that the court had the authority to determine the existence of extraordinary and compelling reasons for relief under § 3582. *Duncan*, 2020 WL 4669944, at *4–5. This court, further bolstered by *Duncan* and other decisions issued in the intervening five months, reaffirms the conclusion it reached in *Young*, that, in the absence of an updated policy statement from the Sentencing Commission, "the district courts themselves have the power to determine what constitute extraordinary and compelling reasons for compassionate release." *Young*, 2020 WL 1047815, at *6.[4]

---

[3] Notably, in *Kimbrell*, Judge Richardson observed that "[t]he question remains a debatable one." 2020 WL 3972746, at *3. And the defendant in that case sought relief on the basis of the ongoing COVID-19 pandemic and his need for cataract surgery in one eye, but did not contend that his cataract placed him at higher risk for contracting COVID-19. The court found under these circumstances that the defendant was "far from meeting his burden to demonstrate extraordinary and compelling circumstances." *Id.* at *4.

[4] Unlike the Sentencing Commission, the BOP has issued revised guidelines pertaining to compassionate release following enactment of the First Step Act. In January 2019, it released Program Statement 5050.50, "Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)." Available at: https://www.bop.gov/policy/progstat/5050_050_EN.pdf. This Program Statement identifies several nonexclusive factors for determining whether extraordinary and compelling reasons exist, including the defendant's criminal and personal history, the nature of the offense, disciplinary infractions, length of sentence, time served, current age, age at the time of the offense, release plans, and "[w]hether release would minimize the severity of the offense." *Id.* ¶ 7. Because a defendant may now move independently for compassionate release, the BOP's determination is no longer the last word on the topic.

### III.    APPLICATION IN THIS CASE

The conclusion that the court has the power to make that determination does not lead inexorably to the conclusion that Crutcher is entitled to a sentence reduction. The only factors he identifies in support of his claim to relief are that (1) the First Step Act amended the penalty structure in § 841 dramatically, as a result of which, if he were sentenced now, he would no longer be subject to a life sentence; (2) the government abused § 851 by penalizing him for going to trial; (3) the COVID-19 pandemic puts him at substantial risk of serious illness or death; and (4) he has demonstrated rehabilitation.

As for his first argument, Crutcher is correct that, at the time of his sentencing, § 841(b)(1)(A)(ii) provided that any person convicted of distributing or possessing with intent to distribute 5 kilograms or more of cocaine "after two or more prior convictions for a felony drug offense have become final . . . shall be sentenced to a mandatory term of life imprisonment without release." As part of the First Step Act, Congress changed the recidivist penalty structure for drug trafficking offenses, such that the mandatory minimum sentence on the drug trafficking charge for a person with two prior qualifying convictions is now twenty-five years rather than life. In addition, a qualifying drug conviction now must be a "serious drug felony," defined as one "for which a maximum term of imprisonment of ten years or more is prescribed by law," 18 U.S.C. § 924(e)(2)(A), and the offender actually "served a term of imprisonment of more than 12 months, 21 U.S.C. § 802(57(A) (defining "serious drug felony" and cross-referencing § 924(e)(2)). Thus, it is clear that, if Crutcher had been sentenced after the First Step Act took effect, he would have been subject to a mandatory minimum prison term of twenty or twenty-five years rather than life.[5]

---

[5] Although Crutcher argues, likely correctly, that his marijuana conviction would no longer qualify as a serious drug felony, his convictions for possessing with intent to distribute 300 grams or more of cocaine still clearly would. In addition, although he argues that these two convictions should only count as one, the Sixth Circuit already considered and apparently rejected that

However, that factor, standing alone, is not sufficient to justify a sentence reduction, particularly in light of the fact that Congress, for whatever reason, chose not to make the amendments to § 841(b) retroactive.[6] While this court finds that the gross unfairness resulting from that failure *in combination with other compelling circumstances* might justify a sentence reduction under § 3582, this defendant has not provided compelling enough circumstances to justify relief.

Regarding his claim that the government abused § 851 by using it to "punish" him for going to trial, this is not an argument he ever raised during his direct appeal or numerous post-conviction motions. Moreover, he has no actual support for the claim. The mere fact that the government filed a § 851 notice after the defendant chose not to accept a plea deal does not, *ipso facto*, constitute evidence of prosecutorial vindictiveness. *See, e.g.*, *United States v. Sills*, 692 F. Supp. 2d 792, 803 (E.D. Mich. 2010) ("[T]he Supreme Court has declined to adopt a presumption of vindictiveness when the government seeks to enhance a defendant's sentence in response to a

---

argument in ruling on his direct appeal. *See Ogburn*, 288 F. App'x at 237 ("Although there was some overlap between the cocaine possession with intent to distribute and conspiracy convictions, the former seems to qualify as 'an incident that is part of a series, but forms a separate unit within the whole [conspiracy].'" (quoting *United States v. Hughes*, 924 F.2d 1354, 1361 (6th Cir. 1991))). The Sixth Circuit did not rely entirely upon that conclusion, however, because it also concluded that the marijuana conviction qualified as well. *See id.* ("Regardless, the marijuana possession conviction clearly . . . constituted a separate episode. . . . Because the government established at least two—if not three—felony convictions, the district court did not err in applying § 841(b)."). The court does not feel it necessary to affirmatively resolve this question, however, given its conclusion that the defendant is not entitled to resentencing.

[6] In *United States v. Gatewood*, 807 F. App'x 459 (6th Cir. 2020), the Sixth Circuit upheld the prison term of a defendant sentenced approximately one month before the enactment of the First Step Act. The court recognized that his sentence would have been substantially lower if it had been issued after the effective date of the Act, but it held that "that disparity does not amount to an Eighth Amendment violation." *Id.* at 463. The court noted that "disparities in sentences 'will exist whenever Congress enacts a new law changing sentences' and that "[w]ithholding the benefits of a change from previously sentenced defendants . . . is the general practice in federal sentencing." *Id.* at 463–64 (citations omitted). Although the court was not faced with the precise question presented here, the language of the holding strongly suggests that what it otherwise views as an "ordinary practice" could not also, standing alone, be an "extraordinary and compelling reason" to deviate from it.

defendant's decision to proceed to trial." (citing *United States v. Goodwin*, 457 U.S. 368, 384 (1982)). Rather, to establish a *prima facie* case of vindictive prosecution, a defendant must allege facts showing "(1) an exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; and (4) the intent to punish the defendant for exercise of the protected right." *United States v. Meda*, 812 F.3d 502, 510 (6th Cir. 2015) (citation omitted). Crutcher has not made out a *prima facie* case here. He argues only that, as a matter of policy, it is unfair for the government to use the threat of an "ultra-harsh" sentence under § 851 to procure a guilty plea. (Doc. No. 1218, at 10.) The Supreme Court, however, long ago decided that the government is entitled to induce—or attempt to induce—a plea bargain by promising to reduce a charge already filed or by threatening a greater sentence upon conviction after trial. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible—'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'" (quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 31 (1973)). Consequently, the government's use of the § 851 notice does not qualify as a compelling reason for a sentence reduction.

As for Crutcher's claim that his chronic health conditions put him at heightened risk due to the COVID-19 pandemic, the medical records filed by the defendant and his Presentence Report contain insufficient documentation of most of those problems, and, regardless, his claimed conditions are not listed by the Centers for Disease Control and Prevention ("CDC") as conditions

that place one at heightened risk for severe illness from COVID-19.[7] The Presentence Report states that the defendant has been on medication for high blood pressure since 2002, but there is no indication in the medical records that this condition is not being well controlled by medication in the institutional setting. Moreover, this condition is listed by the CDC as one that only "might" put someone at increased risk. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last visited Aug. 20, 2020).

Finally, while the court is appreciative of the defendant's efforts toward rehabilitation, they cannot be characterized, on the present record, as remarkable in any way.

In sum, the defendant has failed to establish the existence of extraordinary and compelling circumstances that would warrant a sentence reduction in his case.

## IV.    CONCLUSION AND ORDER

While fully cognizant of the unfairness of the disparity between the defendant's lengthy sentence and the much shorter sentence a defendant convicted based on exactly the same behavior and with the same criminal history would face today, this unfairness, standing alone, does not qualify as an extraordinary and compelling reason for a sentence reduction under § 3582, even considered in combination with the other factors to which the defendant points, such as they are.

The defendant's *pro se* motions for a sentence reduction (Doc. Nos. 1202, 1209, and 1219) and the Supplement to Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) filed by counsel (Doc. No. 1218), therefore, are **DENIED**. The request for appointment of counsel

---

[7] The court finds no reference in the medical records indicating that the defendant has been diagnosed with chronic kidney disease, a serious heart condition, or any of the other underlying conditions identified on the CDC's website as increasing the risk of severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited Aug. 20, 2020). The defendant claims that he has a "heart valve problem" and "only one kidney" (Doc. No. 1219, at 3), but, to this layman, these conditions do not seem equivalent and, in any case, are not documented in the records.

incorporated into the Motion to Request for Relief Pursuant to the First Step Act and Request for Counsel (Doc. No. 1209) is **DENIED AS MOOT**. Having concluded that the defendant is not entitled to a sentence reduction, the court does not reach the application of the sentencing factors under § 3553(a).

It is so **ORDERED**.

_____

ALETA A. TRAUGER
United States District Judge